## Emerson C. Fulton
### v.
## Margaret A. Merrill.

*Action of Case to Recover Value of Furniture—Taking and Sale under Chattel Mortgage—General Issue—Evidence.*

In an action on the case to recover the value of certain furniture, it is *held:* That the defendant could justify the taking and sale of the property under a chattel mortgage purchased and held by him, under the general issue; and that the verdict for the plaintiff is not sustained by the evidence.

[Opinion filed August 3, 1887.]

Appeal from the County Court of Cook County; the Hon. Richard Prendergast, Judge, presiding.

Mr. Rufus King, for appellant.

Mr. John McGaffey, for appellee.

*Per Curiam.* This action was brought in form in case, to recover for the value of certain furniture belonging to appellee which, it was alleged, appellant wrongfully sold and converted to his own use. There was a verdict in favor of appellee and a judgment for $450.

Appellee became the tenant of appellant, but was unable to pay her rent, and an agreement was made between them by which she was to leave her furniture in the house and he was to rent the house and furniture for the best rent he could get for the remainder of the term of her lease, and whatever he could collect as rent over and above $75 per month was to apply on what she was owing him. This arrangement went into effect on September 1st, and plaintiff and defendant substantially agree that the amount which she then owed was about $143. This consisted of a $120 chattel mortgage upon the furniture, which appellant purchased at appellee's request

and held against the property, and of a balance on rent and some borrowed money.

Before appellee could be entitled to a verdict she was bound to prove that appellant had received from the rent of the house, after September 1st, enough over the $75 per month, which he was to retain, to amount to at least the sum of $143. There is no legal proof that appellee received for the house more than $655 for the eight months that the arrangement was to last, and that would leave, taking the view most favorable to appellee, only $55 to apply on the indebtedness of $143. As, in our opinion, the verdict could only be based on a finding that appellant received from the rents $143, the verdict must be held to be unsupported by the evidence. The action being in case, appellant could justify the taking and sale of the property under the chattel mortgage purchased and held by him under the general issue.

It is true there was a large chair and an ice box which were taken by appellant which were not covered by the mortgage, and for these appellee might, under the pleadings, be entitled to recover, but under no proof in the record could a verdict for $450 be warranted as for the value of those articles. Counsel for appellee succeeded in introducing into the trial of the case an element regarding the alleged relation of appellant with a lady who occupied a portion of the house, which was entirely foreign to any issue in the case, and could serve only to mislead and prejudice the jury.

The verdict should have been set aside by the court as being against the evidence; and for the error for not doing so the judgment will be reversed and the cause remanded.

*Reversed and remanded.*